Dalvan M. COGER; Joseph K. Davis; Carolyn Thorpe Furr; Lucille Golightly; Thomas M. Hughes; Janie S. Knight; Charles E. Long, Jr.; Harry Richard Mahood; Ramona Madson Mahood; Robert No. Marshall; Betty Hull Owen; June Rose Richie; Steve Scesa; 97–5134 Charles R. Schroeder; Robert A. Snyder; Bob J. Tucker; Sharon L. Van Oteghen, Plaintiffs–Appellants,

William Welch, Plaintiff,

United States of America, Intervenor,

v.

BOARD OF REGENTS OF THE STATE OF TENNESSEE, a Subdivision of the State of Tennessee; Memphis State University, An Institution Operated by the State Board of Regents; Thomas G. Carpenter, Individually and as President of Memphis State University; Victor E. Feisal, Individually and as Vice–President of Academic Affairs at Memphis State University, Defendants–Appellees.

No. 97–5134.

United States Court of Appeals, Sixth Circuit.

Argued: April 30, 1998

Decided and Filed: April 4, 2000

Donald A. Donati (argued and briefed), Donati Law Firm, Jeffrey L. Atchley (briefed), Norwood, Wilson & Atchley,

Memphis, Tennessee, for Plaintiffs–Appellants.

Michael E. Moore (argued and briefed), Office of the Attorney General, Criminal Justice Division, Nashville, Tennessee, for Defendant–Appellee Board of Regents of State of Tennessee.

Seth M. Galanter (argued and briefed), U.S. Department of Justice, Civil Rights Division, Appellate Section, Washington, D.C., for Intervenor.

Jeffrey S. Sutton (argued and briefed), Jack W. Decker, Office of the Attorney General, Columbus, Ohio, for Amici Curiae State of Ohio.

Sheri H. Lipman (briefed), Burch, Porter & Johnson, Memphis, Tennessee, for Defendant–Appellee Memphis State University.

Douglas A. Hedin (briefed), Law Office of Douglas A. Hedin, Minneapolis, Minnesota, for Amicus Curiae National Employees Lawyers Association.

Thomas W. Osborne (briefed), American Association of Retired Persons, Washington, D.C., for Amicus Curiae American Association of Retired Persons.

Before: JONES, MOORE, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

In our prior opinion in this case, *Coger v. Board of Regents*, 154 F.3d 296, 307 (6th Cir.1998), we concluded that Congress intended to abrogate the states' Eleventh Amendment immunity from suit by its enactment of the 1974 amendments to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and that it had the authority to do so pursuant to Section 5 of the Fourteenth Amendment. The Supreme Court, in a plurality opinion, now has determined that although the ADEA does contain a clear statement of Congress' intent to abrogate the states' immunity, the abrogation exceeded Congress' authority under Section 5 of the Fourteenth Amendment. *See Kimel v. Florida Bd. of Regents*, —— U.S. ——, —— – ——, 120 S.Ct. 631, 649–50, 145 L.Ed.2d 522 (2000).

Having carefully considered the present case in light of *Kimel*, we conclude that the faculty members cannot maintain their ADEA suit against the University, a state employer. We therefore **VACATE** our prior judgment and **AFFIRM** the district court's order dismissing the plaintiffs' ADEA action.